## Case No. 9,606.

### MILLIGAN v. MAYNE.

[2 Cranch, C. C. 210.] [1]

Circuit Court, District of Columbia. June Term, 1820.

DEEDS—WHEN ACKNOWLEDGED—RECORDATION—CERTIFICATE OF CLERK—EVIDENCE—RECEIPT.

1. A deed of land in Maryland, acknowledged by the grantor, before two justices of the peace of the county in Maryland in which the grantor then resided, not being the county in which the land laid, is not properly recorded under the act of 1766 (chapter 14), unless there were indorsed on the deed a certificate of the clerk of the county under the seal of the court that the two justices were, at the time, justices of the peace of that county, and such certificate recorded with the deed.

2. A receipt at the bottom of a collector's certificate of a tax-sale, to which certificate there is a subscribing witness, may be given in evidence, without proving the certificate of sale by the subscribing witness.

3. The receipts of the collector are not evidence upon proof of his handwriting if he be within the jurisdiction of the court, and not a party in the cause.

Trespass quare clausum fregit.

THE COURT (THRUSTON, Circuit Judge, absent,) decided, under the Maryland Act 1766 (chapter 14), that when a deed of land in Maryland is acknowledged before two justices of the peace in the county where the grantor resides (not being the county in which

[1] [Reported by Hon. William Cranch, Chief Judge.]

the land lies) such deed is not properly recorded, unless there were indorsed on the deed, a certificate of the clerk of the county, under the seal of the court, that the two justices were, at the time, justices of the peace of that county, and such certificate recorded with the deed.

On the trial, the plaintiff's counsel, Mr. Jones, offered in evidence a receipt signed by the defendant at the bottom of a certificate of sale signed and sealed by Joseph Bromley, collector of taxes, which receipt purported that the defendant had received from Stephen McDade, under whom the plaintiff claimed title, the amount of taxes for which the lot had been sold by Bromley to the defendant according to the terms of the sale. To the collector's certificate there was a subscribing witness, who was not present. The receipt was dated some months after the collector's certificate. The plaintiff proved the defendant's handwriting to the receipt.

THE COURT permitted it to be given in evidence, but refused to admit the collector's receipts in evidence upon proof of his handwriting, he himself being within the jurisdiction of the court.